UNITED STATES of America, Plaintiff-Appellant,

v.

1,216.83 ACRES OF LAND, MORE OR LESS, IN KLICKITAT COUNTY, STATE OF WASHINGTON and Russell R. Kreps et al., Defendants-Appellees.

No. 75–1220.

United States Court of Appeals, Ninth Circuit.

May 3, 1976.

Rehearing Denied March 27, 1978.

Robert L. Klarquist (argued), Dept. of Justice, Civil Div., Washington, D. C., for plaintiff-appellant.

Ted Roy (argued), of Hovis, Cockrill & Roy, Yakima, Wash., for defendants-appellees.

1055

Before BROWNING and ELY, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM:

In August 1971, the United States brought suit to condemn certain lands for a migratory bird refuge. The owners of one of the targeted parcels answered the complaint, challenging the existence of the required state consent to the federal acquisition.

The Migratory Bird Conservation Act requires two separate elements of state consent before the United States may acquire property within a particular state. *Swan Lake Hunting Club v. United States,* 381 F.2d 238, 242–43 (5th Cir. 1967). First, the state must have consented by law to the acquisition of lands for bird refuges within the state. See 16 U.S.C. § 715f. Such general consent is present. See § 37.08.230 of the Revised Codes of Washington (RCW). The second element of consent is embodied in the requirement that the Governor or appropriate state agency approve the acquisition. Such was done by the Washington State Game Commission in 1964. RCW 77.-12.320 specifically grants that power to the Commission.

On the strength of *Swan Lake, supra,* and on this Court's position in *United States v. Kennedy,* 278 F.2d 121 (9th Cir. 1960), the United States has the power of eminent domain.

Reversed.

### ORDER

The decision of the United States District Court in this case was reversed on our finding that the District Court's interpretation of Washington law was in error. A ruling on the petition for rehearing was stayed pending certification of the questions of state law to the Supreme Court of the State of Washington. On January 28, 1978, that Court confirmed that the earlier decision of this Court was correct. Therefore,

IT IS ORDERED that Defendants-Appellees' petition for rehearing be, and the same hereby is, denied.